UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) LARRY HOLLAND, as Special Administrator for the Estate of Larry Holland, deceased, | | |
| Plaintiff, | | Case No.: 19-CV-663-CVE-JFJ |
| v. | | |
| (2) TURN KEY HEALTH CLINICS, LLC, et al. | | |
| Defendants. | | |

**PLAINITFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 7.2(e), Larry Holland as Special Administrator for the Estate of Floyd Holland (Estate) submits this Response to Turn Key's Motion for a Protective Order. (Doc. 17).

1. Turn Key waived its right to seek a protective order covering the mandatory disclosure of its insurance policy; its motion is neither timely nor "seasonable."

2. Turn Key violated LCvR 26.2 by failing to provide a copy of the policy with its motion to dismiss filed December 23, 2019. (Doc. 7).

3. Turn Key also failed to request a protective order prior to expiration of the time to comply with LCvR 26.2.

4. Turn Key also failed to timely or seasonably file a motion for protective order following expiration of the deadline to comply with LCvR 26.2.

5. Turn Key did not argue or show excusable neglect to support non-compliance with LCvR 26.2. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.")

6. By failing to argue or show excusable neglect for non-compliance with LCvR 26.2, Turn Key failed to trigger the procedural mechanism to grant the relief requested relative to its policy.

7. Estate submits that Turn Key did not argue excusable neglect because it lacks a non-frivolous basis to support that argument.

8. For example, on January 10, 2020, Estate notified Turn Key that it's disclosure under LCvR 26.2 was "almost 3 weeks past due." (*See* Ex. 1).

9. Turn Key did not timely or seasonably file a motion after receiving the email, nor did it produce the policy.

10. The motion for protective order relative to the insurance agreement is untimely, the failure to comply with the rule is not supported by excusable neglect, and the request for a protective order is subject to waiver. *See e.g.*, 6 James Wm. Moore, Moore's Federal Practice, § 26.102[2] (2007) ("[a]lthough Rule 26(c) is silent as to the time within which a protective order must be made, the courts have imposed the requirement that the motion be timely or 'seasonable.'").

11. Turn Key's motion relative to the policy is neither timely nor seasonable.

12. Assuming the Court considers the merits, Turn Key has not demonstrated the need for a protective order through any non-conclusory assertions. *See San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"), *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

13. Estate contends the motion lacks merit and respectfully requests the Court deny the same, and enter such other relief as the Court deems just and equitable.[1]

Respectfully submitted,

BRYAN & TERRILL

*s/J. Spencer Bryan*
J. Spencer Bryan, OBA #19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
3015 E. Skelly Dr., Suite 400
Tulsa OK 74105
Tele/Fax:   (918) 935-2777
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

---

[1] Estate does not otherwise object to entry of a blanket protective order.