UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LARRY HOLLAND, as Special Administrator for the Estate of Floyd Holland, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>(2) TURN KEY HEALTH CLINICS, LLC, *et al*.<br><br>    Defendants. | Case No.: 19-CV-663-JFH-JFJ |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST
DEFENDANT TURN KEY HEALTH CLINICS, LLC**

Pursuant to Fed. R. Civ. P. 26(g) and 37, Larry Holland, as Special Administrator for the Estate of Floyd Holland (Estate), submits this motion for sanctions against Turn Key Health Clinics (Turn Key).[1]

1. This motion arises from Turn Key's representations to counsel and this Court on December 3, 2020 arising from Estate's Document Request No. 3, seeking records associated with any investigation into the care and treatment of Floyd Holland. (Doc. 88, pp. 13-14; Doc. 90, pp. 10-11; Doc. 93, pp. 4-6; Doc. 99).

2. Turn Key represented that it searched for more than 600 days and was unable to identify any records associated with any investigation into the care and treatment provided to Floyd Holland. Turn Key did not provide a privilege log because it claimed there were no

---

[1] A Rule 37 conference was held on Jan. 6, 2021 where the parties discussed Turn Key's representations in the prior briefing on Estate's motion to compel and at the hearing on December 3, 2020. Turn Key contends that its prior responses and disclosures are appropriate and consistent with the Rules. For the reasons set forth in this motion, Estate disagrees.

responsive documents.

3. On January 6, 2021, however, Turn Key disclosed that it did "look into" the care and treatment of Floyd Holland. (Ex. 1).

4. When asked why that wasn't disclosed to counsel and the Court either in the briefing or at the December hearing, Turn Key stated that what it did was not an "investigation" as it understands that term.

5. Estate contends that Turn Key's response to counsel and the Court was at best evasive and unreasonable.

6. Pursuant to Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

7. Pursuant to Fed. R. Civ. P. 26(g)(1)(B), responses to discovery must be (1) consistent with the rules; (2) not interposed for any improper purpose; and (3) not unreasonable.

8. Estate contends that Turn Key's failure to disclose that it "looked into" the care and treatment of Floyd Holland violated Rules 37 and 26.

9. Estate contends that Turn Key's reasoning for not producing a privilege log violated Rules 37 and 26.

10. Accordingly, Estate respectfully submits that Turn Key's response should be treated as a failure to respond, and that any attorney client or attorney work product objections related to any post-incident review be waived.

**WHEREFORE**, Estate respectfully requests the Court grant the motion, order turn Key to produce responsive records within 10 days, award the reasonable costs associated with obtaining the relief requested, and enter such other relief as the Court deems just and equitable.

Respectfully submitted,

BRYAN & TERRILL

*s/J. Spencer Bryan*
J. Spencer Bryan, OBA #19419
Steven J. Terrill, OBA # 20869
BRYAN & TERRILL LAW, PLLC
3015 E. Skelly Dr., Suite 400
Tulsa OK 74105
Tele/Fax:       (918) 935-2777
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com